IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: <br> JULIE L. ANDREW | : <br> : <br> : | CHAPTER 13 |
| Debtor | : | BANKRUPTCY NO. 19-11809- MDC |

| | | |
|---|---|---|
| JULIE L. ANDREW | : <br> : | |
| Plaintiff | : <br> : | ADVERSARY No. 19-00248 |
| CALIBER HOME LOANS and <br> FLAGSTAR BANK, FSB and <br> LENDERLIVE SETTLEMENT <br> SERVICES, LLC and <br> OLD REPUBLIC NATIONAL TITLE <br> INSURANCE COMPANY | : <br> : <br> : <br> : <br> : <br> : | : |
| Defendants | : | |

## STIPULATION OF SETTLEMENT

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between Old Republic National Title Insurance Company ("**ORT**") and Julie L. Andrew (collectively "**Andrew**"). ORT and Andrew may be collectively referenced herein as the "Parties" or, singularly, as a "Party."

## RECITALS

WHEREAS:

a. Andrew filed a Chapter 13 Petition in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania (the "EDPA USBC") at docket no. 19-11809 (the "2019 Bankruptcy Action");

b. ORT is the current holder, by recorded assignment, of a judgment (the "ORT Judgment") entered against Andrew and in favor of Hallston Manor LLC in the Chester County Court of Common Pleas on January 22, 2011 at docket no. 2007-04660 (the "Chester County Action");

c. The balance due and owning on account of the ORT Judgment, including post-judgment interest, equals $110,849.32 (the "ORT Judgment Payoff");

d. In a previous bankruptcy case filed in the EDPA USBC at docket no. 11-10847 (the "2011 Bankruptcy Action"), Andrew stipulated and agreed that the ORT Judgment is non-dischargeable;

e. The ORT Judgment is secured by a lien (the "Judgment Lien") against Andrew's residential real estate located at 520 Byers Road, Chester Springs, PA, 19425 (the "Real Property");

f. The Judgment Lien is junior and subordinate to a Mortgage recorded against the Real Property with the Chester County Recorder of Deeds at Document ID no. 11120240, now held by Caliber Home Loans (the "Caliber Mortgage");

1

g. In the 2019 Bankruptcy Action, Andrew filed a Motion to Avoid the Judgment Lien;

h. Now, to avoid further execution proceedings including but not limited to wage garnishments, ORT and Andrew desire to, and through the execution of this Agreement intend to, settle and resolve fully and completely the issues raised by the Motion to Avoid the Judgment Lien;

NOW, THEREFORE, in consideration of the foregoing and the covenants, releases and conditions set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and agreed, the Parties, intending to be legally bound, hereby agree as follows:

## AGREEMENT

1. **Incorporation.** The Recitals set forth above are, by this reference, hereby incorporated into this Agreement.

2. **Stipulated Order.** ORT and Andrew each hereby authorize their respective counsel to sign and enter into the Stipulated Order, in the form attached hereto as Exhibit "1", to present for approval by the EDPA USBC, for the purpose of resolving, now and forever, the Motion to Avoid the Judgment Lien.

3. **Settlement and Payment Terms.** The Parties agree that the amount owned by Andrew to ORT on account of the ORT Judgment shall be reduced to the principal sum of $70,000.00 (the "Settlement Amount"). The ORT Judgment and the Judgment Lien shall remain in full force and effect, subject to the terms of this Agreement. Beginning on the first day of the month following the completion of Andrew's Amended Chapter 13 Plan filed in the 2019 Bankruptcy Action, or the dismissal of the 2019 Bankruptcy Action (whichever occurs sooner),

2

Andrew shall commence monthly payments in the minimum amount of $833.33 until the Settlement Amount is fully paid. At all times, the Judgment Lien shall act as security for Andrew's obligation to pay the Settlement Amount in full, including each monthly installment.

4. <u>Withdrawal of Motion to Avoid</u>. Within five (5) days after the Parties' execution of this Agreement, Andrew shall file, with the EDPA USBC, a Notice of Withdrawal of her Motion to Avoid the Judgment Lien.

5. <u>Non-Dischargeability</u>. As part consideration for this Agreement, Andrew hereby reaffirms that the ORT Judgment is non-dischargeable, consistent with the Court-approved stipulation filed in the 2011 Bankruptcy Action. Andrew now and forever waives any right to seek or obtain a discharge of the ORT Judgment, and that the ORT Judgment can be satisfied only through Andrew's performance of the terms of this Settlement Agreement, including but not limited to her timely payment of the Settlement Amount.

6. <u>Waiver of Right to Strip Judgment Lien</u>. Andrew now and forever waives any right to move to avoid or strip or otherwise impair the Judgment Lien in any future bankruptcy proceeding.

7. <u>Andrew's Representations and Warranties</u>. To induce ORT to enter into this Agreement, Andrew represents and warrants as follows:

    <u>a.</u> Andrew is the sole owner, in fee, of the Real Property;

    <u>b.</u> The Judgment Lien is a second-position lien against the Real Property, junior only to the first-lien Caliber Mortgage;

    <u>c.</u> Since the commencement of the 2019 Bankruptcy Action, Andrew has not conveyed any interest in the Real Property of any kind to anyone not listed in her Schedules; and

    d. Since the commencement of the 2019 Bankruptcy Action, Andrew has not encumbered the Real Property in favor of anyone not listed in her Schedules.

8. Default. An "Event of Default" by Andrew under this Agreement shall include:

    a. Failure to timely deliver the executed Stipulated Order; or

    b. Failure to make any minimum monthly payment as required under ¶ 4; or

    c. Filing any subsequent petition to commence a new bankruptcy action; or

    d. Moving to avoid, strip, or otherwise impair the ORT Judgment; or

    e. Moving to avoid, strip, or otherwise impair the Judgment Lien; or

    f. Failure to ensure that the Judgment Lien is and remains in second lien position, behind only the first-position Caliber Mortgage; or

    g. Filing any claim in any forum for the purpose of impairing the ORT Judgment or the Judgment Lien;

    h. Transferring title or conveying any interest in the Real Property, without paying the balance of the Settlement Amount in full at the time of the conveyance; or

    i. Refinancing the debt secured by the Caliber Mortgage without paying the balance of the Settlement Amount in full at the time of the refinance transaction; or

    j. Breaching any other provision of this Agreement.

9. Remedies for Default. Upon the occurrence of any Event of Default, the following remedies shall accrue:

4

a. The full amount of the ORT Judgment Payoff, as secured by the Judgment Lien, shall become immediately due and payable, together with legal interest from the date the ORT Judgment was docketed in the Chester County Action (per diem $11.51), with credit for any amounts paid theretofore on account of the ORT Judgment; and

b. ORT may commence an execution proceeding, including a writ to execute on the Judgment Lien; and

c. All amounts expended by ORT to enforce this Agreement shall be recoverable and added to the then current balance due and owing on the ORT Judgment.

10. **Andrew General Release**. Except for the obligations set forth herein, Andrew hereby fully releases and discharges, and by these presents does for itself and on behalf of its agents, predecessors, successors, employees, servants, attorneys, partners, shareholders, investors, associates, joint venturers, insurers, receivers (hereinafter referred to as "Releasor" in this paragraph) fully releases and discharges ORT, and all its respective successors in interest (hereinafter referred to as "Releasee" in this paragraph), of and from any and all past, present and future actions, causes of action, claims, demands, damages, third party claims and/or actions, costs, losses of service, expenses, compensation, third party actions, suits at law or in equity or otherwise, including claims or suits for joinders, for sole liability, contribution, indemnity and also to the extent of their liability for contribution to other tortfeasors or otherwise, of whatever nature, and all consequential damages on account of or in any way arising out of any and all known and unknown injury and/or damage resulting from or to result from the injury or damage alleged to have been incurred by Releasor due to legal representation, counsel, advice or

5

otherwise by any action or omission, individually and/or collectively of Releasee as to all matters, including but not limited to all matters related to the Action, the Debt, and the Reassessed Judgment.

11. <u>Indemnification</u>. Andrew shall indemnify and hold harmless ORT on account of any losses suffered by ORT related to the ORT Judgment or the ORT Mortgage, and Andrew shall defend ORT against any and all claims stated against ORT arising from the ORT Judgment or the ORT Mortgage.

12. <u>Voluntary Agreement</u>. The Parties acknowledge that each is executing and delivering this Agreement with full knowledge of any and all rights that it may have with respect to the claims and causes of action herein settled and released. Each Party acknowledges that it has had the opportunity to be represented by and consult with legal counsel to the extent it desired before executing and delivering this Agreement, and that it had a reasonable and sufficient opportunity to do so.

13. <u>No Admission</u>. It is understood and acknowledged by the Parties that this Agreement does not constitute an admission of liability or wrongdoing on the part of any Party and that this agreement is purely an act of compromise.

14. <u>Successors and Assigns</u>. This Agreement shall inure to the benefit of the Parties hereto, and shall be binding upon their respective representatives, attorneys, predecessors in interest (if any), successors, assigns and beneficiaries.

15. <u>Entire Agreement</u>. The terms and conditions contained in this Agreement, including exhibits hereto, constitute the entire agreement between the Parties concerning the subject matter of this litigation and the Agreement. This Agreement shall not be modified or amended except by a writing signed by all Parties.

16. <u>Governing Law</u>. The Parties hereto agree that this Agreement shall be governed by and construed in accordance with the laws of Pennsylvania without regard to conflict of law provisions. Notwithstanding ORT's rights to pursue collection of the Debt in any appropriate venue in the event of a Default, as described above, any dispute arising under this Agreement shall be heard in a court of competent jurisdiction in Philadelphia, Pennsylvania.

17. <u>Counterparts</u>. This Agreement may be executed simultaneously in two or more counterparts and by the different Parties on separate counterparts, each of which shall be deemed an original, but all such counterparts shall constitute the same instrument. The Parties agree that signature pages exchanged via fax or email shall be as valid and binding as if original signature pages had been delivered to each other.

18. <u>Effective Date</u>. This Agreement shall become effective upon the Parties' exchange of executed signature pages of this Agreement by facsimile, e-mail or otherwise (the "**Effective Date**").

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have each executed this Agreement as of the date set forth below.

_____
Julie Andrew

**Old Republic National Title Insurance Comp**

Name: Charissa McIntosh

Title: Claims Counsel, AVP

8