# AMENDED SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Amended Settlement Agreement and Mutual Release ("Agreement") is made and entered into on July 29, 2020 (the "Effective Date") by and between Julie Andrew, residing at 520 Byers Road, Chester Springs, PA 19425 and Herbert Andrew, residing at 434 Eagleton Cove Way, Palm Beach Gardens, FL 33418 (collectively "Plaintiffs"), on the one hand and Grant Andrew, individually and as Guardian of the Person and of the Estate of Judy Andrew ("Defendants"), residing at 601 Cherry St., Winnetka, IL 60093, on the other (collectively, the "Parties"), as follows:

**WHEREAS:**

A. Defendants Grant Andrew and Judy Andrew are the record owners of the property located at 672 Wallace Drive, Wayne, PA 19087, UPI NO. 43-6K-34 (the "Property").

B. There was a prior agreement of sale for the Property, dated November 13, 2019, of which the Parties were aware, which sale was not effectuated.

C. Thereafter, on or about February 10, 2020 Plaintiffs filed a Praecipe for Writ of Summons in the Chester County Court of Common Pleas, Docket No. 2020-01637-CT, requesting that the Recorder of Deeds index a lis pendens against the Property (the "Action"). The lis pendens was recorded by the Chester County Recorder of Deeds on February 10, 2020 in Deed Book 10099, Pages 1374-1375 (the "Lis Pendens").

D. On May 29, 2020, Defendants filed a Petition to Strike Off the above stated Lis Pendens (the "Petition").

E. On July 2, 2020, Plaintiffs filed a Complaint and a Praecipe to Strike and Remove the Lis Pendens above stated. Then, on July 13, 2020, Plaintiffs filed a Release and Termination of the Lis Pendens with the Chester County Recorder of Deeds in Deed Book 10208, Pages 428-431.

F. The Parties have agreed to settle their disputes and avoid the expense and disruption of any additional litigation and/or mediation, arbitration, trials, appeals, efforts to file or execute on a judgment, and/or claims for interest or fees, and to put to rest, now and forever: all claims that the Parties have made, could have made, or could in the future make against the Releasing Parties and/or Released Parties that in any way relate to or arise out of the Action, the Complaint and/or the Property as of the Effective Date of this Agreement.

**NOW THEREFORE,** in consideration of the mutual covenants and premises contained herein, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and with the intent to be legally bound by this Agreement, the Parties agree as follows:

*H*
*7/29/20*

37235901.3

1

2. **Denial of Liability.** Defendants and Plaintiffs have denied and continue to deny that they are liable in any manner or amount to anyone else in connection with the Lis Pendens, the Complaint and/or the Action. This Agreement is in no way to be construed as an admission by Defendants or Plaintiffs that they are in any way liable to any other party hereto, that they were negligent, or that they (or any of their agents) otherwise acted inappropriately.

3. **Settlement Terms.**

   a. Plaintiffs agree not to interfere in any way with the sale of the Property. Plaintiffs hereby agree not to contest any petition hereafter filed in the Chester County Court of Common Pleas, Orphans' Court Division, seeking authorization for the sale of the Property. Plaintiffs further agree to execute any necessary documents in the future to evidence this consent, including but not limited to a consent and joinder, and to execute any such documents within three (3) business days of presentment by Defendants or their counsel.

   b. Within three (3) business days following (i) the Dismissal of the Action and the Complaint with prejudice (as set forth in paragraph 3 below); (ii) entry of the Approval Order (as defined in Paragraph 2.d below); <u>and</u> (iii) notice to Defendants' counsel evidencing same, Defendants shall:

   1. Effectuate the transfer of title to the Toyota Forerunner from Judy Andrew to Julie Andrew and deliver any and all documentation necessary to do so to Plaintiffs' counsel;

   2. Make available for retrieval by Julie Andrew, the following items from the Property: (i) pictures in the closet and glasses and dishes in storage container; and (ii) Honda push lawn mower;

   c. Upon sale of the Property and before closing on the sale, the following additional items will be made available for retrieval by Julie Andrew at a time mutually agreeable or if not agreed to, to be set by parties counsel: (i) single end table; (ii) family room leather sofa; (iii) single chair and ottoman in family room; (iv) small glass table in dining room with two chairs, and (v) extension ladder.

   d. This Agreement is subject to entry of an order (the "Approval Order") approving same by the Bankruptcy Court in Julie Lynn Andrews Bankruptcy Case No. 19-11809, pending in the Bankruptcy Court for the Eastern District of Pennsylvania, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and/or any other applicable bankruptcy rules. Julie Andrews agrees to file a motion seeking such Approval Order with the Bankruptcy Court within three (3) business days of execution of the Agreement. This Agreement shall be null and void if the Bankruptcy Court enters one or more orders denying approval of this Agreement.

   *[handwritten: 7/20/20]*

3. **Dismissal of the Action and the Complaint with Prejudice.** Plaintiffs agree to dismiss both the Action and the Complaint in their entirety with prejudice. To effect same, Plaintiffs shall file a Praecipe to Settle, Discontinue and

End the Action and the Complaint With Prejudice with the Court on or before July 27, 2020. Furthermore, Defendants shall withdraw their Petition in the Action.

4. **Complete and General Release, and Covenant Not to Sue.**

a. Plaintiffs, on his or her own behalf and on behalf of their personal representatives, executors, administrators, trustees, attorneys, agents, heirs and assigns (the "Releasing Parties"), hereby release and forever discharge Defendants, individually and in any fiduciary capacity identified herein, and all of their past and present representatives, attorneys, agents, heirs and assigns as the case may be (collectively, the "Released Parties"), of and from all claims, of whatever kind, that Plaintiffs have made, could have made, or could in the future make against Defendants or any of them, that in any way relates to or arises out of the Lis Pendens, the Action, the Complaint and/or the Property.

b. Defendants, on their own behalf and on behalf of their ward, charge, personal representatives, executors, administrators, trustees, attorneys, agents, heirs and assigns, hereby release and forever discharge Plaintiffs, individually and in any fiduciary capacity identified herein, and all of their past and present representatives, attorneys, agents, heirs and assigns as the case may be of and from all claims, of whatever kind, that Defendants have made, could have made, or could in the future make against Plaintiffs or any of them, that in any way relates to or arises out of the Lis Pendens, the Action, the Complaint and/or the Property.

c. In addition, all Parties, on their own behalf and on behalf of their respective personal representatives, executors, administrators, trustees, attorneys, agents, heirs and assigns, hereby release and forever discharge all Parties from all Settled Claims (defined in Paragraph 4(e)).

d. All Parties understand and expressly agree that the releases given above are intended to, and do, include a release of every claim that has been, could have been, or may be brought arising out of or relating in any way to the Lis Pendens, the Action, the Complaint and/or the Property.

e. As used in this Agreement, the term "Settled Claims" means any and all claims for damages or remedies of whatever kind or character, including assigned claims, whether known or unknown, asserted or unasserted, regardless of the legal theory, and whether now recognized by common law or that may be created or recognized in the future by statute, regulation, judicial decision, or in any other manner, that relate to the Lis Pendens, the Action, the Complaint and/or the Property.

5. **Facts Unknown to Parties.**

a. All Parties understand and agree that this Agreement is intended to and does cover any and all losses, injuries, damages, and claims of every kind and nature whatsoever relating to the Lis Pendens, the Action, the Complaint and/or the Property, whether direct or indirect, known or unknown, and suspected or unsuspected.

*TT 7/29/20*

3

b.      All Parties acknowledge that they may hereafter discover facts different from, or in addition to, those which they now know to be or believe to be true with respect to the alleged injuries, damages and losses claimed or which could have been claimed as relating to the Lis Pendens, the Action, the Complaint and/or the Property. Releasing Parties and Released Parties agree that this Agreement, and all promises made herein, shall remain effective in all respects, notwithstanding such different or additional facts and the subsequent discovery thereof.

6.    **Scope of Release.**

a.      All Parties intend to give the very broadest mutual release possible, which includes (but is not limited to) any liability whatsoever concerning the Lis Pendens, the Action, the Complaint and/or the Property, including every contention arising directly or indirectly out of or in any manner related to the Lis Pendens, the Action, the Complaint and/or the Property.

b.      All Parties acknowledge and agree that they are relying wholly on their own judgment, belief, and knowledge of the nature, extent, effect, and duration of the alleged damages or possible damages and liability therefor, and that this Agreement is made without any reliance upon any statement or representation by Plaintiffs, Defendants, Released Parties, Releasing Parties or any of their representatives, other than those made herein. Releasing Parties and Released Parties hereby expressly deny that any such statement or representation has been made by Plaintiffs, Defendants, Released Parties, Releasing Parties or any of their representatives.

7.    **Further Representations of Releasing Parties.**

Releasing Parties represent to Defendants, knowing that Defendants will rely on each such representation, the following:

a.      <u>Authority and Capacity To Sign.</u> All Parties hereto have the right, power, mental capacity and authority: (i) to sign this Agreement, (ii) to bind Releasing Parties to the terms of this Agreement, (iii) to bind all of Releasing Parties' heirs, administrators, representatives, successors and assigns, and (iv) to receive the consideration set forth in this Agreement.

b.      <u>No One Else Has Any Interest.</u> No other person or entity (private or governmental) has any interest of any kind in the claims, demands, obligations, and causes of action referred to in this Agreement.

*TT 7/29/20*

c.      <u>No Assignments By Releasing Parties.</u> All Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of or relinquished any of the claims, demands, obligations, or causes of action referred to in this Agreement.

8.    **Confidentiality.** All Parties agree that the terms of this Agreement shall be kept confidential and shall not be disclosed to anyone at any time unless otherwise required by process of law, as may be required in Court or legal

proceedings, or to their attorneys, accountants, or other professionals rendering tax or financial advice (the "Confidentiality Covenant"). Notwithstanding the foregoing, nothing in this Paragraph shall prohibit disclosure by Releasing Parties of the existence of a settlement among the Parties hereto.

9. **Miscellaneous Provisions.**

a. <u>Entire Agreement.</u> This Agreement contains the entire agreement between the Parties. This Agreement supersedes all negotiations, discussions, and understandings not otherwise expressly memorialized in this Agreement.

b. <u>Choice of Law.</u> This document shall be governed by and interpreted in accordance with the substantive law of the Commonwealth of Pennsylvania, without regard to conflicts of law principles, and the Chester County Court of Common Pleas, Orphans' Court Division shall have sole and exclusive jurisdiction to resolve any matter associated with this Agreement.

c. <u>Headings.</u> The headings in each paragraph of this Agreement are for convenience of reference only and shall be of no legal effect in the interpretation of the terms hereof.

d. <u>Integration.</u> This Agreement constitutes a single, integrated written contract, expressing the entire agreement between the Parties. It supersedes all prior negotiations and/or agreements between the Parties. The Parties represent and warrant that in entering into this Agreement, they are not relying on any promises or representations that do not appear herein. The Parties further understand and agree that this Agreement can be amended or modified only by a written agreement executed by all of the Parties hereto.

e. <u>Severability.</u> If any provision in this Agreement is found to be unenforceable, it shall not affect the enforceability of the remaining provisions and the Court shall enforce the remaining provisions to the extent permitted by law.

f. <u>Counterparts.</u> This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Delivery of an executed counterpart of this Agreement by attachment to electronic mail, facsimile or other electronic method of transmission shall have the same force and effect as the delivery of an original executed counterpart of this Agreement. Any party delivering an executed counterpart of this Agreement by attachment to electronic mail, facsimile or other electronic method of transmission shall also deliver an original executed counterpart, but the failure to do so shall not affect the validity, enforceability or binding effect thereof.

g. <u>Execution of Additional Documents.</u> The Parties agree to execute such other, further, and different documents as reasonably may be required to effectuate this Agreement, including but not limited to the Praecipes to Settle,



37235901.3

Discontinue and End With Prejudice to be filed with the Court pursuant to Paragraph 3 above and the execution of the documents referenced in Paragraphs 2.a. and 2d. above.

10. **Voluntary Agreement.** The Releasing Parties understand and agree that they may be waiving significant legal rights by signing this Agreement, and represent that they have completely read and entered into this Agreement voluntarily, after consulting with their attorneys, with a full understanding of and in agreement with all of its terms.

7/29/20

IN WITNESS WHEREOF, the Parties, each expressly intending to be legally bound, and each acknowledging that he, she or it has given full and careful consideration to all aspects of this Agreement, have duly authorized and caused this Agreement to be executed effective as of the Effective Date.

_____  Dated: 7/29/2020
HERBERT ANDREW

*Herbert Andrew*

_____  Dated: _____
JULIE ANDREW


_____  Dated: _____
GRANT ANDREW, Individually and as
Guardian of the Estate and of the Person of
Judy Andrew

7

37235901.3

IN WITNESS WHEREOF, the Parties, each expressly intending to be legally bound, and each acknowledging that he, she or it has given full and careful consideration to all aspects of this Agreement, have duly authorized and caused this Agreement to be executed effective as of the Effective Date.

_____  Dated: _____
HERBERT ANDREW

_____  Dated: 7.26.2020
JULIE ANDREW


_____  Dated: _____
GRANT ANDREW, Individually and as
Guardian of the Estate and of the Person of
Judy Andrew

6

37235901.3

IN WITNESS WHEREOF, the Parties, each expressly intending to be legally bound, and each acknowledging that he, she or it has given full and careful consideration to all aspects of this Agreement, have duly authorized and caused this Agreement to be executed effective as of the Effective Date.

_____ Dated: _____
HERBERT ANDREW

_____ Dated: _____
JULIE ANDREW

*/s/ Grant S Andrew*      Dated: **7/28/2020**
GRANT ANDREW, Individually and as
Guardian of the Estate and of the Person of
Judy Andrew

6

37235901.1
37235901.3